UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIANE TURNER

    Plaintiff,

v.

FORD MOTOR COMPANY and
FOURTH GENERATION SERVICES

    Defendant.

Case No: 06-12220

Hon. Bernard A. Friedman

_____/

LINDERMAN JULIEN P.C.
By:  Marla A. Linderman (P55759)
Attorneys for Plaintiff
116 E. Washington Street
Suite 150
Ann Arbor, MI  48104
(734) 665-8444
mlindermanlaw@lindermanjulien.com

KIENBAUM OPPERWALL
 HARDY & PELTON, P.L.C.
By:  Eric J. Pelton (P40635)
     Lori L. Rogala (P61861)
Attorneys for Defendant Ford
 Motor Company
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
epelton@kohp.com
lrogala@kohp.com

LAW OFFICES OF THOMAS R. WAELCHLI
By:  Thomas R. Waelchli (P40468)
Attorney for Defendant Fourth
 Generation Services
100 W. Big Beaver Road, Suite 385
Troy, MI  48084
(248) 526-9595
tomrw@msn.com

KITCH DRUTCHAS WAGNER VALITUTTI
& SHERBROOK
By:  Kimberly K. Pendrick (P38698)
Attorney for Defendant Fourth Generation
Services
One Woodward Ave., Suite 2400
Detroit, MI 48226
(313) 965-7900
Kim.pendrick@kitch.com

FORD MOTOR COMPANY
By:  Jennifer A. Zinn (P41469)
Co-Counsel for Defendant Ford
 Motor Company
Three Parklane Boulevard
1500 Parklane Towers West
Dearborn, MI  48126-2568
(313) 322-9798

_____/

**STIPULATED PROTECTIVE ORDER**

At a session of said Court held in the City of Detroit, County of Wayne, State of Michigan

On: March 2, 2007____
PRESENT:   HON. BERNARD A. FRIEDMAN

Upon a showing of good cause in support of the entry of a protective order to control the discovery and dissemination of CONFIDENTIAL or proprietary information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case or disclosed pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2.   Information designated "CONFIDENTIAL" shall include proprietary business information, trade secrets, or information implicating common law or statutory privacy interests.  For purposes of this order, the following categories of documents and information will generally be considered confidential and subject to this Protective Order:

- confidential or proprietary business information of Ford, including but not limited to documents concerning information technology, business strategies, compensation, workforce planning;

- confidential personnel information about employees and independent contractors assigned to perform work at Ford, including but not limited to documents regarding job performance, compensation, personal data, disciplinary action, retirement or

1

  separation information, merit increases, stock options and bonus information;

- confidential personnel information about employees of 4-Serv, including but not limited to documents regarding job performance, compensation, personal data, disciplinary action, retirement or separation information, merit increases, stock options and bonus information; and

- medical or financial records of any party or agent of a party.

3. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation, litigation, and trial of this case, *Turner v Ford Motor Company et al*, and will not be used in any other litigation or disclosed to any print or broadcast media.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  (a) attorneys actively working on this case;

  (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  (c) Plaintiff Eliane Turner, representatives of Ford, and representatives of 4-Serv;

  (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  (e) the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents or witnesses; and

      (h)    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than individuals listed in a, b, e, and f), counsel shall explain the terms of the Protective Order to the person and obtain from such person a written acknowledgement stating that the witness has been informed that documents he/she will review are subject to a Protective Order protecting the confidentiality of the information and, by signing the acknowledgement, the witness acknowledges that the documents are confidential and agrees not to make copies of the documents or disclose their contents to any third party other than parties in the litigation (or their counsel) and also agrees not to use the confidential documents or information contained therein for any purpose outside of the lawsuit.  All such acknowledgements shall be retained by counsel and shall be produced to counsel for the other party upon a showing of good cause or shall be subject to an *in camera* review by the Court upon application by counsel for the opposing party.

6.    Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."  If the document did not originate from the party seeking to affix the CONFIDENTIAL label, or was not produced in this action by that party, the CONFIDENTIAL designation will occur upon written notice of that designation provided to all counsel of record with thirty (30) days after receipt of the information or document containing CONFIDENTIAL information.  Subject to the procedures in paragraph 8,

upon such notice the document will be treated as CONFIDENTIAL within the meaning of this Protective Order.

7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion must generally be filed with 30 days after receiving written objection to the CONFIDENTIAL designation.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information will lose its designation as CONFIDENTIAL and shall not be treated as CONFIDENTIAL in accordance with this Protective Order absent further order of the Court.  In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the designated information to be treated as CONFIDENTIAL.

9. In the event that either party receives a third-party subpoena or other form of legal process requesting Confidential Information in this case, the party receiving such request will provide the opposing party written notice that such a request was received as soon as possible (but no later than five days from receipt) and provide a copy of the request with the written notice.

10. Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation. If any medical, financial, or corporate confidential or proprietary business information must be filed with the Court, such Confidential Information shall only be filed in a sealed envelope and marked in such a way as to apprise the Court that the envelope contains Confidential Information. All other Confidential Information may be filed with the Court, but the parties must redact the appropriate non-pertinent personal, financial or health information contained therein. Examples of "non-pertinent personal, financial or health information" include; social security or drivers license numbers, bank account numbers, compensation, dates of birth, names and dates of birth of minor children, and phone numbers and addresses, where these subjects are not at issue.

11. At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party designating them as CONFIDENTIAL within 30 days of a written request. The parties may agree to destroy CONFIDENTIAL documents by way of a mutually agreed-upon procedure. Where the

parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

13. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

14. This Protective Order is without prejudice to the right of either party to contest the admissibility, discoverability or privileged status of any document or information.

15. In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, either party may designate as CONFIDENTIAL any documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

Date: March 2, 2007                             s/Bernard A. Friedman
                                                U.S. District Court Judge

6

So stipulated:

| | |
|---|---|
| LINDERMAN JULIEN P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
| By:s/ with consent of Marla Linderman | By: s/Lori L. Rogala |
| Marla A. Linderman (P55759) | Eric J. Pelton (P40635) |
| Attorneys for Plaintiff | Lori L. Rogala (P61861) |
| 116 E. Washington Street | Attorneys for Defendant Ford Motor Co. |
| Suite 150 | 280 N. Old Woodward Avenue |
| Ann Arbor, MI  48104 | Suite 400 |
| (734) 665-8444 | Birmingham, Michigan   48009 |
| mlinderman@lindermanjulien.com | (248) 645-0000 |
| | lrogala@kohp.com |
| Dated: February 28, 2007 | February 28, 2007 |

KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK

By:  s/ with consent of Kimberly Pendrick
Kimberly K. Pendrick (P38698)
Attorney for Defendant Fourth Generation Services
One Woodward Ave., Suite 2400
Detroit, MI 48226
(313) 965-7900
Kim.pendrick@kitch.com

February 28, 2007

7